```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

BENNIE GIBSON,

                Plaintiff,                          **ORDER**
                                                    15-MC-489
        -against-

COMMISSIONER OF NYC POLICE; DEPUTY
COMMISSIONER; A GROUP OF OFFICERS,
FROM 109TH PRECINCT AND 108TH
PRECINCT, FLUSHING QUEENS; THE CITY;
A GROUP OF INFORMANTS NYPD, FBI, DOC,
OMH, CITY,

                Defendants.

-------------------------------------X
```
**KIYO A. MATSUMOTO**, United States District Judge:

By Order dated April 30, 2002, the court barred plaintiff from filing any future complaint unless plaintiff demonstrates imminent danger of serious physical injury. 28 U.S.C. § 1915(g). *See Gibson v. Vega*, 01-CV-8379 (SJ) (ECF No. 9); *Gibson v. Weiss*, 01-CV-8382 (SJ) (ECF No. 10).

Specifically, the court ordered that in order to file any future *in forma pauperis* complaint, plaintiff must (a) request written authorization and specifically allege the imminent danger of serious physical injury plaintiff is facing; (b) attach the proposed complaint to any request for leave to

file; and (c) attach a copy of the Court's April 30, 2002 order to his submission.[1]  *Id.*

On March 9, 2015, plaintiff, currently incarcerated at the Vernon C. Bain Correctional Center, filed the instant complaint.  (See ECF No. 1.)  Plaintiff's submission failed to include the requisite filing fee or an application for *in forma pauperis* status and the Prisoner Authorization form required to commence this action.

To the extent that plaintiff intended to proceed *in forma pauperis*, he failed to request written authorization to do so.  By letter dated March 17, 2015 (*see* ECF No. 2), plaintiff was provided with the proper forms and instructed that in order to proceed, he must return the completed IFP application and the Prisoner Authorization form along with a written request seeking permission for leave to file within 14 days from receipt of the letter.  Plaintiff failed to respond to the court's letter. (*See generally* Docket No. 15-mc-489.)  Accordingly, the action is dismissed without prejudice.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.

---

[1] The instant complaint fails to allege any facts suggesting that plaintiff was under imminent danger of serious physical injury at the time the complaint was filed, and fails to include the required written authorization. (*See* ECF No. 1.) Because plaintiff has not paid the filing fee, however, this action is not properly filed and therefore is not an active case.  Thus, the court need not consider plaintiff's submissions at this time.

2

438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this order on plaintiff and to note such service on the docket.

**SO ORDERED.**

Dated:    Brooklyn, New York
             April 10, 2015

                                              /s/
                                  Kiyo A. Matsumoto
                                  United States District Judge
                                  Eastern District of New York